UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br><br>    Plaintiff,<br><br>    v.<br><br>STOOVER, et al.,<br><br>    Defendants. | Case No. 16-01300 EJD (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a former California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officials at Pelican Bay State Prison ("PBSP").[1] Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was transferred to this district court from the Eastern District on March 16, 2016, and then reassigned to this Court on March 25, 2016, after Plaintiff declined magistrate jurisdiction. (See Docket Nos. 4, 6 and 9.)

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that on March 12, 2012, he was in need of his medication and was placed in a 3'x3' holding cage. (Compl. at 3.) Plaintiff claims that he told Defendants Correctional Officers Stoover, Daniels, Rhodes, and "psych tech" R. Snyder that he was claustrophobic and sitting in a cage for more than five minutes could possibly cause him to "die and pass[] out." (Id.) Soon after being placed in the cage, Plaintiff started "suffering chest as a grade out [*sic*] and slid to the bottom of the cage." (Id.) Plaintiff then yelled "man down" and banged on the cage with his hands while yelling that he was having chest pains." (Id.) Defendants refused to move Plaintiff from the cage until thirteen minutes later, after medical personnel took his blood pressure and diagnosed a panic attack. (Id. Attach. at 1.) Plaintiff claims that Defendants were aware of his extreme claustrophobia from a similar incident on January 12, 2012, and that they used this condition "as a means of torture." (Id.) Liberally construed, Plaintiff's allegations are sufficient to state a violation of the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff also attempts to raise a claim under the Americans with Disabilities Act, 42 U.S.C.§ 12101 et seq. ("ADA"), by asserting that claustrophobia is "protected" by the ADA while providing no legal support. (Compl. Attach. at 1.) Even assuming that

2

claustrophobia is a "disability" under the ADA, Plaintiff fails to state all the elements for a cause of action because he fails to allege that he was qualified to participate in or receive the benefit of a service, program, or activity but was either excluded from participating in or denied the benefits thereof due to his claustrophobia. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (stating the four elements required for a cause of action under the ADA). This claim shall be dismissed with leave to amend for Plaintiff to attempt to state sufficient facts to state a claim under the ADA.

Lastly, Plaintiff claims that he "was being retaliated against for prior complaints in which were made against officials whom had placed him in a cage and laughed at him in front of his peers on January 12, 2012 (separate issue)." (Compl. at 5.) Plaintiff alleges retaliation but has failed to set forth sufficient facts establishing all the elements for a retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Specifically, nowhere in the complaint does Plaintiff allege that Defendants' actions chilled the exercise of his First Amendment rights, which is the fourth element. Id. Accordingly, this claim is DISMISSED with leave to amend if Plaintiff can truthfully set forth facts sufficient to state a retaliation claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) da**ys of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 16-01300 EJD (PR), and the words

3

"AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original complaint, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

In the alternative, Plaintiff may file notice in the same time provided that he wishes to proceed solely on the Eighth Amendment claim found cognizable above and have the ADA and retaliation claims stricken from the complaint. The action will then proceed solely on the Eighth Amendment claim.

Failure to respond in accordance with this order by filing an amended complaint or a notice as described above will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 10/4/2016

EDWARD J. DAVILA
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\EJD\CR.16\01300Benyamini_dwlta

4