1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11   ROBERT BENYAMINI,                        Case No. 16-01300 EJD (PR)
            Plaintiff,
12                                            **ORDER OF PARTIAL DISMISSAL
         v.                                   AND SERVICE; DIRECTING
13                                            DEFENDANTS TO FILE
                                              DISPOSITIVE MOTION OR
14   STOOVER, et al.,                         NOTICE REGARDING SUCH
                                              MOTION; INSTRUCTIONS TO
15          Defendants.                       CLERK**

16

17

18          Plaintiff, a California state prisoner, filed the instant pro se civil rights action

19   pursuant to 42 U.S.C. § 1983 against officials at Pelican Bay State Prison ("PBSP").  After

20   an initial review, the Court found the complaint stated cognizable claim for violation of his

21   rights under the Eighth Amendment.  (Docket No. 12 at 2.)  However, Plaintiff failed to

22   state sufficient facts to establish a retaliation claim and a claim under the Americans with

23   Disabilities Act, 42 U.S.C.§ 12101 et seq. ("ADA").  (Id. at 2-3.)  Plaintiff was granted

24   leave to file an amended complaint to attempt to state sufficient facts to state an ADA

25   claim and retaliation claim, or in the alternative, file notice that he wishes to proceed only

26   with the cognizable Eighth Amendment claim and strike the other claims from this action.

27   (Id. at 3.)  Plaintiff has filed an amended complaint.  (Docket No. 15.)

28   ///

**DISCUSSION**

A.     **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally

construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the

color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.     **Plaintiff's Claims**

Plaintiff claims that on March 12, 2012, he was in need of his medication and was placed

in a 3'x3' holding cage. (Am. Compl. at 3.)  Plaintiff claims that he told Defendants

Correctional Officers Stoover, Daniels, Rhodes, and "psych tech" R. Snyder that he was

claustrophobic and sitting in a cage for more than five minutes could possibly cause him to

"die and pass[] out." (Id.) Soon after being placed in the cage, Plaintiff started "suffering

chest as a grade out [sic] and slid to the bottom of the cage." (Id.)  Plaintiff then yelled

"man down" and banged on the cage with his hands while yelling that he was having chest

pains." (Id.)  Defendants refused to move Plaintiff from the cage until thirteen minutes

later, after medical personnel took his blood pressure and diagnosed a panic attack. (Id.

Attach. at 1.)  Plaintiff claims that Defendants were aware of his extreme claustrophobia

from a similar incident on January 12, 2012, and that they used this condition "as a means

of torture." (Id.)  Liberally construed, Plaintiff's allegations are sufficient to state a

violation of the Eighth Amendment.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

2

1    Plaintiff claims that his claustrophobia is a disability that requires accommodation

2   under the ADA.  (Am. Compl. Attach. at 2, citing 42 U.S.C. § 12102(2).)  Although

3   section 12132 does not expressly provide for reasonable accommodations, Congress

4   entrusted the Attorney General with the authority to promulgate regulations defining the

5   scope of the prohibitions set forth in Title II.  See 42 U.S.C. § 12134(a).  One such

6   implementing regulation is 28 C.F.R. § 35.130(b)(7), which provides:

7           A public entity shall make reasonable modifications in policies,
        practices, or procedures when the modifications are necessary to avoid
8       discrimination on the basis of disability, unless the public entity can
        demonstrate that making the modifications would fundamentally alter the
9       nature of the service, program, or activity.

10

11  28 C.F.R. § 35.130(b)(7).  The duty to provide "reasonable accommodations" or

12  "reasonable modifications" for disabled people under Title II of the ADA arises only when

13  a policy, practice or procedure discriminates on the basis of disability.  See Weinreich v.

14  Los Angeles County MTA, 114 F.3d 976, 979 (9th Cir. 1997) (no claim under ADA or

15  Rehabilitation Act where disabled individual's exclusion from transit program was based

16  on his financial inability to provide updated information that he still qualified for program,

17  not on his disability).  A plaintiff accordingly bears the burden of establishing the

18  existence of specific reasonable accommodations that the defendant public entity failed to

19  provide.  See id. at 978.  Plaintiff's allegations, liberally construed, states a a claim that

20  Defendants are required under the ADA to make accommodations for an inmate who

21  suffers from extreme claustrophobia like Plaintiff in their practice of placing inmates in a

22  3'x3' holding cage.  Accordingly, this claim is cognizable under the ADA.

23          Lastly, Plaintiff was advised that he failed to state sufficient facts to establish all the

24  elements for a retaliation claim.  (Docket No. 12 at 3.)  The Court notes that Plaintiff's

25  amended complaint is identical to the original complaint except for the attached second

26  page, which now includes an explication of his ADA claim.  (Am. Compl. Attach. at 2.)

27

28                                              3

1 　By alleging the same facts with respect to his retaliation claim from the original complaint,

2 　Plaintiff has failed to state sufficient facts to establish a retaliation claim in the amended

3 　complaint.  Accordingly, the retaliation claim is DISMISSED for failure to state a claim.

4

5 　**CONCLUSION**

6 　　　For the reasons state above, the Court orders as follows:

7 　　　1.　　The Clerk of the Court shall mail a Notice of Lawsuit and Request for

8 　Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

9 　of the amended complaint, all attachments thereto, and a copy of this order upon

10 　**Defendants Correctional Officers Stoover, Rhode, and Daniels; and PSY Tech R.**

11 　**Snyder** at **Pelican Bay State Prison** (P.O. Box 7000, Crescent City, CA 95531-7000).

12 　The Clerk shall also mail a copy of this Order to Plaintiff.

13 　　　Plaintiff's retaliation claim is DISMISSED for failure to state a claim.

14 　　　2.　　Defendants are cautioned that Rule 4 of the Federal Rules of Civil

15 　Procedure requires them to cooperate in saving unnecessary costs of service of the

16 　summons and the amended complaint.  Pursuant to Rule 4, if Defendants, after being

17 　notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the

18 　summons, fail to do so, they will be required to bear the cost of such service unless good

19 　cause shown for their failure to sign and return the waiver form.  If service is waived, this

20 　action will proceed as if Defendants had been served on the date that the waiver is filed,

21 　except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file

22 　an answer before **sixty (60) days** from the day on which the request for waiver was sent.

23 　(This allows a longer time to respond than would be required if formal service of summons

24 　is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver

25 　form that more completely describes the duties of the parties with regard to waiver of

26 　service of the summons.  If service is waived after the date provided in the Notice but

27 　before Defendants have been personally served, the Answer shall be due sixty  (60) days

28 　　　　　　　　　　　　　　　　　4

1    from the date on which the request for waiver was sent or twenty (20) days from the date

2    the waiver form is filed, whichever is later.

3        3.    No later than **ninety-one (91) days** from the date service is complete, either

4    by a signed waiver or personal service of the amended complaint, Defendants shall file a

5    motion for summary judgment or other dispositive motion with respect to the claims in the

6    amended complaint found to be cognizable above.

7            a.    Any motion for summary judgment shall be supported by adequate

8    factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

9    Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor

10   qualified immunity found, if material facts are in dispute. If any Defendant is of the

11   opinion that this case cannot be resolved by summary judgment, he shall so inform the

12   Court prior to the date the summary judgment motion is due.

13           b.    **In the event Defendants file a motion for summary judgment, the**

14   **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

15   **warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u>**

16   **<u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

17       4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

18   and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

19   motion is filed.

20       Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

21   <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment

22   must come forward with evidence showing triable issues of material fact on every essential

23   element of his claim). Plaintiff is cautioned that failure to file an opposition to

24   Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

25   the granting of the motion, and granting of judgment against Plaintiff without a trial. <u>See</u>

26   <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18

27   F.3d 651, 653 (9th Cir. 1994).

28   5

5.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: _4/12/2017_____

_____
EDWARD J. DAVILA
United States District Judge

Order of Service
PRO-SE\EJD\CR.16\01300Benyamini_svc

6