UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI,<br>    Plaintiff,<br>    v.<br>STOVER, et al.,<br>    Defendants. | Case No. 16-01300 EJD (PR)<br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officials at Pelican Bay State Prison ("PBSP"). Plaintiff was granted leave to file an amended complaint, (Docket No. 15), which the Court found stated sufficient allegations to state claims under the Eighth Amendment and the Americans with Disabilities Act ("ADA").[1] (Docket No. 16 at 2-3.) The Court ordered the matter served on Defendants Stoover, Rhode, Daniels, and Snyder at Pelican Bay State Prison ("PBSP"). (Docket No. 16 at 4.) However, the PBSP Litigation Coordinator notified the Court that she was unable to locate any of the Defendants due to the minimal identification included in the complaint. (Docket No. 22.) When Plaintiff

---

[1] The Court dismissed a retaliation claim for failure to state a claim. (Docket No. 16 at 3-4.)

failed to respond to the Court order directing him to provide additional information to identify Defendants, (Docket No. 23), the Court dismissed the action. (Docket No. 24.) Thereafter, the Court granted Plaintiff's motion for reconsideration and reopened the action, giving Plaintiff another opportunity to provide more information for Defendants. (Docket No. 27.) With the information provided by Plaintiff, the PBSP Litigation Coordinator was able to identify the Defendants. (Docket No. 32.) Accordingly, the Court orders the matter served on Defendants, so the matter can proceed on the cognizable claims discussed below.

## DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

Plaintiff claims that on March 12, 2012, he was in need of his medication and was placed in a 3'x3' holding cage. (Am. Compl. at 3.) Plaintiff claims that he told Defendants Correctional Officers Stoover, Daniels, Rhodes, and "psych tech" R. Snyder that he was claustrophobic and sitting in a cage for more than five minutes could possibly cause him to

"die and pass[] out." (Id.) Soon after being placed in the cage, Plaintiff started "suffering chest as a grade out [sic] and slid to the bottom of the cage." (Id.) Plaintiff then yelled "man down" and banged on the cage with his hands while yelling that he was having chest pains." (Id.) Defendants refused to move Plaintiff from the cage until thirteen minutes later, after medical personnel took his blood pressure and diagnosed a panic attack. (Id. Attach. at 1.) Plaintiff claims that Defendants were aware of his extreme claustrophobia from a similar incident on January 12, 2012, and that they used this condition "as a means of torture." (Id.) Liberally construed, Plaintiff's allegations are sufficient to state a violation of the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff claims that his claustrophobia is a disability that requires accommodation under the ADA. (Am. Compl. Attach. at 2, citing 42 U.S.C. § 12102(2).) Although section 12132 does not expressly provide for reasonable accommodations, Congress entrusted the Attorney General with the authority to promulgate regulations defining the scope of the prohibitions set forth in Title II. See 42 U.S.C. § 12134(a). One such implementing regulation is 28 C.F.R. § 35.130(b)(7), which provides:

> A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

28 C.F.R. § 35.130(b)(7). The duty to provide "reasonable accommodations" or "reasonable modifications" for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability. See Weinreich v. Los Angeles County MTA, 114 F.3d 976, 979 (9th Cir. 1997) (no claim under ADA or Rehabilitation Act where disabled individual's exclusion from transit program was based on his financial inability to provide updated information that he still qualified for program, not on his disability). A plaintiff accordingly bears the burden of establishing the

3

existence of specific reasonable accommodations that the defendant public entity failed to provide. See id. at 978. Plaintiff's allegations, liberally construed, states a a claim that Defendants are required under the ADA to make accommodations for an inmate who suffers from extreme claustrophobia like Plaintiff in their practice of placing inmates in a 3'x3' holding cage. Accordingly, this claim is cognizable under the ADA.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 15), all attachments thereto, and a copy of this order upon **Defendants Correctional Officers T. Stover, J. Daniels, and PSY Tech R. Martell (formerly Snyder)** at **Pelican Bay State Prison** (P.O. Box 7000, Crescent City, CA 95531-7000). The Clerk shall also mail a copy of this Order to counsel for **Defendant Correctional Officer J. Rhodes**, who has appeared on his behalf, and to Plaintiff.

The Clerk shall update the docket to reflect the proper names for Defendants: "Stoover" should be "T. Stover"; "Daniels" should be "J. Daniels"; and "R. Snyder" should be "R. Martell." (Docket No. 32.)

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent.

4

(This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

    3.    No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to

1  Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 2/5/2018

_____
EDWARD J. DAVILA
United States District Judge

Order of Service
PRO-SE\EJD\CR.16\01300Benyamini_brief.sched